UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| J. ANTONIO MIRELES, et al., § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> ZURICH AMERICAN INSURANCE § <br> COMPANY, § <br> Defendant. § <br> § | C.A. No. C-03-504 <br><br><br> ADMIRALTY PURSUANT TO <br> FED. R. CIV. PRO. 9(h) |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pending before the Court is Defendant Zurich American Insurance's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for partial summary judgment (D.E. 91). For the following reasons, the Court DENIES defendant's motion.

I.  Background

Zurich argues that the disputed insurance policy contains a non-assignability clause, which forbids the original plaintiffs ("Brown Water plaintiffs") from assigning their claims to the current plaintiffs ("Personal Injury plaintiffs") without Zurich's express consent. Zurich states that personal injury plaintiffs "cannot produce any evidence that Zurich gave its express consent for this assignment." (D.E. 91). Plaintiffs argue that "[t]here is a genuine issue of material fact as to whether Zurich authorized" its attorney and its claims adjuster to

consent to the assignment (D.E. 98). The pertinent language of the insurance policy is as follows:

> "No claim or demand against this Company under this Policy shall be assigned or transferred, and no person shall acquire any right against this Company by virtue of this insurance without express consent of this Company."

(D.E. 1, Ex. A., lines 79-82).

II.    12(b)(6)[1]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is "viewed with disfavor and is rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The Supreme Court has stated that a district court may not dismiss a complaint under 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 78 S. Ct. 99, 103 (1957) (emphasis added); *see also Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414 (5th Cir. 1980).

---

[1] It is proper for the Court to review the insurance policy in a 12(b)(6) motion. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *see also Scanlon v. Texas A&M*, 343 F.3d 533, 536 (5th Cir. 2003). Here, the insurance policy was attached as an exhibit to Brown Water's original complaint. Therefore, the court may properly consider Zurich's motion to dismiss.

Defendant's motion to dismiss fails because there is a set of facts that would entitle plaintiffs to recover. Namely, if plaintiffs prove that Zurich expressly consented to the Brown Water plaintiffs assignment of claims, and that Zurich breached the contract, plaintiffs would recover.

II.     Summary Judgment

Defendant moves for summary judgment on the same issue. Defendant claims there is no genuine issue of material fact that defendant expressly consented to the assignment. Plaintiff counters that evidence shows that a Zurich lawyer had apparent authority to consent to the assignment.

The Fifth Circuit recently summarized Texas apparent-authority law. Apparent authority "arises either from a principal knowingly permitting an agent to hold herself out as having authority or by a principal's actions which lack such ordinary care as to clothe an agent with the indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority she purports to exercise." *Everest Nat. Ins. Co. v. LJM Services, Inc.*, 265 F.3d 1060, 1061 (5th Cir. 2001) (emphasis added) (citing *Baptist Memorial Hospital System v. Sampson*, 969 S.W.2d 945, 949 (Tex. 1998)).

Viewing plaintiffs' evidence in the light most favorable, they have satisfied their burden of establishing a genuine issue of material fact. Plaintiffs have adduced deposition testimony suggesting that Will Pierson, the attorney appointed by Zurich to represent Brown Water, had apparent authority to bind Zurich (D.E. 93, Exh. 6, pg. 153–54). Specifically,

3

Pierson's deposition testimony indicates that he informed Zurich's adjustor, Keith Morley, that he was recommending that Brown Water accept a settlement claim, which included the assignment—and Zurich did not object (D.E. 93, Ex. 6, pg. 153). Therefore, the second prong of *Baptist Memorial* is in genuine dispute—Zurich's acquiescence after being informed of the assignment arguably lacked such ordinary care as to clothe lawyer Pierson with the indicia of authority leading plaintiffs to reasonably believe that the agent had the authority. Defendant's motion for partial summary judgment fails.

Defendant's Motion to Dismiss or in the Alternative Motion for Partial Summary Judgment (D.E. 91) is DENIED. Defendant's Motion to Reset the Hearing to argue this motion (D.E. 110) is also DENIED.

ORDERED this ___3___ day of ___Dec___, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE

4